IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-35,505-02






EX PARTE MILTON WAYNE NETTLES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05-09-0245-CRA IN 81
ST JUDICIAL DISTRICT COURT


FROM ATASCOSA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to comply
with sex offender registration requirements and sentenced to five years in prison. He did not appeal
his conviction.

 Applicant contends, inter alia, that his plea was involuntary and that his trial counsel
rendered ineffective assistance because counsel advised him that he would receive community
supervision if he pled nolo contendere. Applicant also contends that his sentence is illegal because
he was convicted of a state jail felony.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings of fact. The trial
court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim
of ineffective assistance of counsel and involuntary plea. The trial court shall also determine what
elements Applicant was convicted of committing, and whether this offense was a state jail or higher
degree felony. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact showing what prior offenses Applicant was found
to have committed either as elements of this offense or as enhancement of punishment. The court
shall also determine whether counsel had promised Applicant that he would receive community
supervision if he pled nolo contendere. The trial court may also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: April 25, 2007

Do not publish